PER CURIAM.
 

 Appellant, Ms. Kathleen Doran, appeals an order of the trial court granting time-sharing of her minor children to the children’s father, Appellee, Mr. Gerard Doran. Ms. Doran asserts that the trial court erred by not allowing the presentation of evidence regarding why modification of the time-sharing schedule was not in the minors’ best interests. We agree and reverse for the reasons set forth below.
 

 A time-sharing schedule may not be modified without showing a “substantial, material, and unanticipated change in the circumstances and a determination that it is in the best interests of the child.” § 61.13(3), Fla. Stat. (2010). Evidence of child abuse is relevant to the best interests determination. § 61.13(3)(m), Fla. Stat. Here, Ms. Doran sought to offer evidence of abuse of the children by Mr. Doran, namely: (1) testimony from Investigator Adkinson regarding the children’s allegation of abuse by their father; (2) two Department of Children and Families investigators regarding the alleged abuse; (3) testimony from the children or an in camera hearing with the children; and (4) Investigator Procino’s report. The trial court did not permit Ms. Doran to present this evidence which clearly would be relevant to a determination whether modification of the time-sharing schedule was in the best interests of the minor children. This was error. Accordingly, we reverse and remand.
 

 Reversed and Remanded.
 

 BENTON, C.J., WETHERELL and ROWE, JJ., concur.